transferee court's suggestion, the papers filed and the hearing held, we order this action remanded to the Eastern District of Michigan for further proceedings.

There have been extensive pretrial and trial proceedings in this litigation before Judge Weinman. And all of the actions comprising this litigation, except the *Humphreys* action, have now been either terminated in the transferee district or remanded to the appropriate transferor court. Nevertheless, defendant Tann opposes remand of this remaining action on the ground that pretrial proceedings in that action have not yet been completed. Defendant asserts that it has pretrial motions currently pending before the transferee court and that these motions should be decided by the transferee court.

The governing statute states that each action transferred by the Panel "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated". 28 U.S.C. § 1407(a). Since the *Humphreys* action is the only action remaining in this litigation, we find that no purpose would be served by delaying remand of this action to the Eastern District of Michigan.

It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the various actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate. *Cf.* In re Penn Central Commercial Paper Litigation, 358 F.Supp. 284 (Jud.Pan.Mult. Lit. 1973). His suggestion is obviously an indication that he perceives his role under Section 1407 to have ended.

Furthermore, the motions in the *Humphreys* action currently pending before the transferee court are of a nature unique to that action and their resolution does not require any particular expertise that the transferee judge might have gained from supervising this litigation. Accordingly, these motions can just as easily be presented to the transferor court for decision.

It is therefore ordered that the action entitled George H. Humphreys, etc. v. Herman Tann d/b/a Tann Co., et al., (E.D.Michigan, C.A. No. 32421), S.D. Ohio, Civil Action No. 3834ML(F), be, and the same hereby is, remanded to the Eastern District of Michigan.



In re INDUSTRIAL WINE CONTRACTS SECURITIES LITIGATION.

No. 188.

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1975.

Motion was filed for transfer of action brought in Western District of Missouri for alleged violation of securities laws. The Judicial Panel on Multidistrict Litigation held that where all three defendants were also defendants in one or more actions brought in Eastern District of Virginia and were faced with substantially similar charges in both the Missouri and Virginia actions, all actions shared common questions of fact and Eastern District of Virginia was focal point of the litigation, action would be transferred to Eastern District of Virginia for coordinated or consolidated pretrial proceedings.

Order accordingly.

1. Courts ⟶277.2

Potential bankruptcy of one defendant was irrelevant with respect to appropriateness of transfer of action to another district for coordinated or consolidated pretrial proceedings. 28 U.S.C.A. § 1407.

2. Courts ⟶277.2

Where all three defendants in action brought in Western District of Missouri for alleged violations of federal securities laws were also defendants in one or more of five similar actions pending in Eastern District of Virginia and were faced with substantially similar charges in both the Missouri and Virginia actions, all actions shared common questions of fact and focal point of litigation was in Eastern District of Virginia, action brought in Western District of Missouri would be transferred to Eastern District of Virginia for coordinated or consolidated pretrial proceedings. 28 U.S.C.A. § 1407.

3. Courts ⟶277.2

It is province of transferee judge to determine whether and to what extent pretrial proceedings in transferred actions and actions pending in transferee district should be coordinated or consolidated. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL*, Judges of the Panel.

PER CURIAM.

I. *Background of the Litigation*

In June of 1974 the Securities and Exchange Commission filed an enforcement action in the Eastern District of Virginia against Robert Dale Johnson, Ridge Associates & Co., John D. Schrott, Jr., Vortex Corporation, Resource Evaluation and Development, Inc., Canal Corporation, James L. Phillips and five other individuals. The SEC alleges that all defendants violated the securities registration provisions of the federal securities laws in connection with the sale of investment contracts, promissory notes and limited partnerships purportedly concerning the marketing of European wine. The SEC further alleges that defendants Johnson and Ridge Associates engaged in a multimillion dollar Ponzi scheme or sham whereby wine contract obligations, which included the return to investors of principal invested and profits ranging from 30 to 100 percent, were being paid off with the funds of subsequent investors. Eleven days after the SEC action was filed, a consent decree providing for injunctive relief was entered against all of the defendants on the registration provisions charges and against defendants Johnson and Ridge Associates on the antifraud charges.

In addition, the Government recently filed a criminal indictment in the Eastern District of Virginia against defendant Johnson for his alleged participation in the Ponzi scheme. He subsequently pleaded guilty to two counts of fraudulent conduct and was sentenced to six years imprisonment. The criminal investigation concerning other individuals is still in progress.

After the SEC action was filed, six private actions were filed, five in the Eastern District of Virginia and one in the Western District of Missouri. Some of the parties are both plaintiffs and defendants in these actions. For example, some of the middlemen in the marketing operation are plaintiffs in some actions and defendants in others. Likewise, United Virginia Bank/National is a plaintiff in one action and a defendant in three others. Two of the actions purport to be class actions: The Missouri action was filed on behalf of all persons who purchased investment contracts from defendant Phillips in the name of

---

* Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

IN RE INDUSTRIAL WINE CONTRACTS SECURITIES LIT. 911
Cite as 386 F.Supp. 909 (1974)

a partnership known as International Investments between October 1, 1973 and May 17, 1974; and one of the Virginia actions was filed on behalf of all persons who borrowed monies from any of three Virginia banks for the purpose of investing in the wine contracts and who have not yet repaid the debts. The Virginia court, however, has denied class action status in the latter action. All of these private actions contain allegations that track the allegations in the SEC action.

With respect to the five Virginia actions, the Honorable John A. MacKenzie has recently issued a memorandum opinion in which he consolidated before himself the *Barnes* and *Johnson* actions; consolidated separately before himself the *Canei Corporation* and *United Virginia Bank/National* actions; and decided that the *Vortex* action should continue to proceed separately before the Honorable Albert V. Bryan, Jr.

II. *Motion before the Panel*

John D. Schrott, Jr. and Vortex Corporation are common parties to all of the actions in this litigation. They move the Panel pursuant to 28 U.S.C. § 1407 for an order transferring the Missouri action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the five actions pending there. Only the plaintiffs in the Missouri action oppose transfer, while some of the Virginia defendants urge the Panel to show deference to Judge MacKenzie's prior ruling concerning consolidation of the Virginia actions. We find that these actions involve common questions of fact and that transfer of the Missouri action under Section 1407 to the Eastern District of Virginia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

III. *Arguments of the Missouri Plaintiffs in Opposition to Transfer*

The Missouri plaintiffs oppose transfer of their action to Virginia for two reasons. First, they have been advised that defendant Phillips, one of the three defendants in the Missouri action, intends to file a petition for bankruptcy in the very near future and, consequently, all pending litigation against him will be stayed. (The other two defendants in this action are movants Schrott and Vortex.) Secondly, plaintiffs contend that they cannot afford to pay additional travel and related expenses for their counsel to attend pretrial conferences and other proceedings in the Eastern District of Virginia and therefore transfer will be tantamount to a dismissal of plaintiffs' complaint.

IV. *Transfer of the Missouri Action to the Eastern District of Virginia*

[1, 2] Defendant Phillips's potential bankruptcy is irrelevant in regard to the appropriateness of transfer of the Missouri action under Section 1407. What is important, however, is the fact that all three defendants in the Missouri action, including defendant Phillips, are also defendants in one or more of the Virginia actions and are faced with substantially similar charges in both the Missouri and Virginia jurisdictions. Moreover, all of the actions in this litigation share common questions of fact inasmuch as each complaint contains virtually identical allegations of fraudulent conduct tracking those asserted in the SEC action.

Thus, transfer of the Missouri action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the five actions pending there will prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings.

Plaintiffs' concern about the possibility of Section 1407 proceedings causing additional expense because of counsel's travel to the transferee district is unwarranted. Since the Missouri plaintiffs appear to share virtually identical interests with the plaintiffs in the *Barnes* and *Johnson* actions in Virginia, the judicious use of liaison counsel, lead counsel and steering committees could eliminate the need for Missouri counsel

to travel to the transferee district. *See* Manual for Complex Litigation, Part I, Sections 1.90–1.93 (rev. ed. 1973).

In addition, movants advise us that they anticipate several tag-along actions in this litigation. *See* R.P.J.P.M.L. 1, 53 F.R.D. 119, 120 (1971) as amended 55 F.R.D. LI (1972). Accordingly, the institution of Section 1407 proceedings at this time will have the salutary effect of providing a ready forum for the most just and expeditious judicial treatment of any future actions along with the present ones. *See* R.P.J.P.M.L. 12, at 123–124.

### V. *Coordination or Consolidation*

[3] We recognize that Judge MacKenzie has issued an order concerning the consolidation and assignment of the five actions heretofore pending in the Eastern District of Virginia. And we emphasize that the Panel has consistently held the view that it is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated. *See, e. g.* In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378, 1384 (Jud.Pan.Mult.Lit.1974). In this light, we trust that any necessary coordination between Judge MacKenzie' and Judge Bryan will be effectuated at their own discretion.

### VI. *Selection of the Transferee District*

Clearly, the Eastern District of Virginia is the focal point of this litigation and the most appropriate transferee forum. Five of the six private actions are already pending in that district and almost all of the corporate and individual defendants as well as the relevant documents and witnesses are located there.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A pending in the Western District of Missouri be, and the same hereby is, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable John A. MacKenzie for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

#### SCHEDULE A

**Eastern District of Virginia**

| | |
|---|---|
| Vortex Corp., et al. v. Ridge Associates & Co., et al. | Civil Action No. 311-74-A |
| Canal Corp., et al. v. United Virginia Bank/National, et al. | Civil Action No. 371-74-A |
| United Virginia Bank/National v. Vortex Corp., et al. | Civil Action No. 515-74-A |
| Lenora R. Johnson, et al. v. Robert Dale Johnson, et al. | Civil Action No. 527-74-A |
| W. T. Barnes, et al. v. Robert D. Johnson, et al. | Civil Action No. 569-74-A |

**Western District of Missouri**

| | |
|---|---|
| Paul O. Dooley, et al. v. James L. Phillips, et al. | Civil Action No. 74-562-W-3 |